Filed
3/9/2021 9:05 AM
Esther Degollado
District Clerk
Webb District
Annette Chapa
2021CVA000445D3

NO. _____ 2021CVA000445D3

| | | |
|---|---|---|
| TRANQUILINO LINO ALVAREZ, IV | § § § | IN THE DISTRICT COURT |
| V. | § § | WEBB COUNTY, TEXAS |
| RODRIGUEZ EXPRESS SA DE CV, P.A.M. TRANSPORT, INC., and RUBEN OVALLE HERNANDEZ | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Tranquilino Lino Alvarez, IV, hereinafter referred to as Plaintiff, complaining of Rodriguez Express SA de CV, P.A.M. Transport, Inc. and Ruben Ovalle Hernandez, hereinafter referred to as Defendants, and would respectfully show to the Court as follows:

1. Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, 190.4.

2. Plaintiff is a resident citizen of Webb County, Texas.

3. Defendant, Rodriguez Express SA de CV, is a foreign business organization organized under the laws of Mexico and authorized to conduct business in the State of Texas, and may be served by serving its designated process agent, Evilsizor Process Servers LLC, Ramon Sandoval, 1519 West Houston St., San Antonio, Bexar County, Texas 78207.

4. Defendant, P.A.M. Transport, Inc., is a Arkansas corporation doing business in the State of Texas and may be served by serving its designated process agent, Douglas Fletcher, 9201 N. Central Expressway, Suite 600, Dallas, Dallas County, Texas 75231.

5. The Defendant, Ruben Ovalle Hernandez, is an adult resident and citizen of Mexico. No service is being requested at this time.

6. This Court has jurisdiction and venue of this case because this cause of action is for negligence and the subject matter of this lawsuit and the amount in controversy are all within the jurisdictional limits of this Court. Further, this Court has venue of this case because all or a substantial portion of the acts or events giving rise to the cause of action and the acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff occurred within the territorial limits of Webb County, State of Texas.

7. It has become necessary for your Plaintiff to file this lawsuit to recover compensatory damages as a result of a motor-vehicle collision that occurred on or about November 19, 2019. On such date, Plaintiff, Tranquilino Lino Alvarez, IV, was operating his vehicle on FM 1472 Rd in Laredo, Webb County, Texas, and stopped his vehicle for a red light. Defendant, Ruben Ovalle Hernandez, was operating the tractor-trailer rig and rear-ended the vehicle driven and occupied by the Plaintiff, causing the collision and injuries in question. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8. At all times material, Defendants, Rodriguez Express SA de CV and/or P.A.M. Transport, Inc., are thought to be the employers and/or owners and/or operators, as applicable, of the vehicles Defendant, Ruben Ovalle Hernandez, was operating at the

time and on the occasion in question. Defendant, Ruben Ovalle Hernandez, is thought to have been operating said vehicles within the course and scope of his authority, agency and/or employment and in furtherance of the business affairs of Defendants, Rodriguez Express SA de CV and/or P.A.M. Transport, Inc., as the evidence will reveal, at the time of the occurrence in question. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

9. Plaintiff alleges that at the time of the incident in question, Defendant driver, Ruben Ovalle Hernandez, committed acts and/or omissions of negligence that proximately caused the occurrence in question and Plaintiff's injuries and damages. The acts and/or omission are, singularly and/or in combination, as follows:

a) Driving at an excessive speed under the circumstances;

b) Failure to keep a proper lookout;

c) Failure to timely apply brakes;

d) Failure to control his vehicle to avoid a collision;

e) Failure to maintain an assured clear distance;

f) Distracting driving;

g) Driver inattention;

h) Failing to stop in obedience to a stop signal (negligence per se); and/or

i) Violations of applicable provisions of the Federal and State Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show, driver qualification, medical condition, hours of service, vehicle and

equipment (negligence per se).

Such acts and/or omissions of negligence and negligence per se, singularly or in combination, as applicable and as the evidence will reveal, constitute negligence and negligence per se and such negligence proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

10. Plaintiff also alleges that the Defendants, Rodriguez Express SA de CV and/or P.A.M. Transport, Inc., committed acts and/or omissions of negligent entrustment and/or negligence in providing the means for Defendant, Ruben Ovalle Hernandez, to be entrusted and/or provided the motor vehicles in question to an incompetent, unsafe, dangerous or reckless driver, such negligence, negligence per se, and negligent entrustment, along with violations of the applicable Federal and State Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show, driver qualification, medical condition, hours of service, vehicle and equipment (negligence per se). Such acts and/or omissions, singularly or in combination and as the evidence will reveal, constitute negligence and negligence per se, as applicable, and such negligence proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this

information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

11. As a direct and proximate result of the negligence of the Defendants referenced above, your Plaintiff, Tranquilino Lino Alvarez, IV, alleges that he sustained physical injuries and damages from which he now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future. Plaintiff, Tranquilino Lino Alvarez, IV, sues for monetary relief for damages in excess of the minimum jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00.

12. The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

13. Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final hearing Plaintiff does have and recover of, from and against the Defendants, jointly and severally, for his compensatory damages, pre-judgment and post-judgment interest, costs of Court, trial by jury and for such other and further relief, in law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

LAW OFFICES OF GENE S. HAGOOD
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757

Fax: (281)331-1105
*E-Service Email: firm@h-nlaw.com


BY:  /s/ Ryan King
      GENE S. HAGOOD
      SBN 08698400
      RYAN KING
      SBN 24073263
      WILLIAM N. HAACKER
      SBN 24113709
      Attorneys for Plaintiff


*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.